Caruthers, J.,
delivered the opinion of the Court.
*439 The presentment charges that “ there was an election pending in our said State of Tennessee, for President and Yice-President of the United States of America, and that LaEayette Somers,” &c., “ did bet, gamble and hazard, a watch, money and note of the value of” ($300,) “upon said election, with one James C. Simmons, which said election has since been held in our said State of Tennessee,” &c. The transaction proved by Simmons is, that he “sold to defendant a watch worth $75, for which defendant executed his note to him for $180; that the watch was delivered to the defendant at the time, and if Buchanan, in the ensuing presidential election, should receive a greater majority over Eillmore, in the county of Henry, than Johnson had obtained over Gentry, in the last election for Governor in said county, witness was to give up the note, and defendant was to keep the watch,” but in the contrary event, witness was to keep the note. After the election, witness having lost the bet, gave up the note to defendant, who kept the watch. This evidence-, the Court charged, sustained the indictment, if believed by the jury, and defendant was convicted.
1. This contrivance to evade the law by a sale of property for more than its value, to be paid or not, upon the contingency of the result of an election has been long ago held to be unavailing as a defense. 5 Humph., 561.
2. The charge that the bet was upon the presidential candidates, instead of the electors, is good, as we have held at the present term, in the case of Porter vs. The State.
3. The main ground relied upon for reversal is, that *440 the case proved, is variant from that charged, and does not sustain the presentment. The Court was requested so to charge the jury, but refused, and instructed them to the contrary. We think there is no error in this. The presentment avers that there was an election for President pending in Tennessee, and upon that election the bet was made. It does not state that the wager was upon the result in the Union or this State, or any particular county. The particular character and terms of the bet are not set out, but they are left for the proof. The case made out, is covered by the charge in the presentment, and in no way contradicts, or falls short of it. A case of unlawful betting on an election, is legally set out in the presentment, and the case proved sustains it. If the charge had been a bet upon the result in the State, or any other county than Henry, or even upon the majority in Henry, the proof would not have sustained it, and there would have been a fatal variance. But no variance between the charge and proof exists in this case, as we have before seen. The charge is general, and the proof particular, but there is no material conflict or variance. We are not inclined to yield to these kind of objections for the escape of offenders, unless coerced by the law; some settled principle, which we do not feel at liberty to' change.
Affirm the judgment.